IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

COASTAL FUELS OF PUERTO RICO,
INC.

Plaintiff

vs                                              CIVIL 04-1300CCC

GAD ZEEVI

Defendant

## OPINION AND ORDER

This is an action for collection of monies filed by plaintiff Coastal Fuels of Puerto Rico, Inc. (Coastal) against defendant Gad Zeevi (Zeevi). Before the Court now are the Motion for Summary Judgment filed by plaintiff Coastal on July 8, 2005 (**docket entry 23**) and the Cross-Motion for Summary Judgment filed by defendant Zeevi on September 26, 2005 (**docket entry 39**).

The essential facts are undisputed. Coastal is a corporation organized and existing under the laws of Delaware, with its principal place of business in Houston, Texas. Zeevi is the President of Caribbean Petroleum Corporation (CPC), a corporation organized and existing under the laws of Delaware which maintains its principal place of business within the Commonwealth of Puerto Rico. On June 23, 2000, and in order to settle a litigation then pending before this Court, Coastal Fuels of Puerto Rico, Inc. v. Caribbean Petroleum Corp., 92-1584(HL), Coastal and CPC entered into a Confidential Settlement Agreement With Releases (Settlement Agreement). Under its terms, CPC agreed to pay Coastal the sum of $7.8 million in six annual installments of $1.3 million due on July 14, 2000 through July 14, 2005. These payments, in turn, were personally guaranteed by Zeevi through a Guarantee executed on that same date, through which he "unconditionally" and "irrevocably" assured, jointly and severally with CPC, their punctual satisfaction whether at stated maturity or by acceleration. The

CIVIL 04-1300CCC                    2

Settlement Agreement further provided that if any payment was not made by either CPC or Zeevi within the periods provided to each, the entire settlement amount would then become due and payable with interest.

CPC made the first two $1.3 million payments required under the Settlement Agreement in July 2000 and July 2001. On December 17, 2001, it filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware, where Coastal filed a Proof of Claim on June 25, 2002 for the amount of $5.2 million still due at the time under the Settlement Agreement. Not surprisingly, CPC failed to make the third installment payment of $1.3 million due on July 14, 2002 under the Settlement Agreement, an event which activated the Guarantee offered by Zeevi.

Under the terms of the Settlement Agreement and of Zeevi's Guarantee, once Coastal gave Zeevi written notice on August 14, 2002 of CPC's failure to make the installment payment due on July 14, 2002, Zeevi then had a term of thirty (30) days to make the unpaid payment. Coastal and Zeevi, however, entered into a Forbearance Agreement dated September 24, 2002, by which Coastal agreed to grant Zeevi a modified payment schedule for him to satisfy CPC's missed payment of $1.3 million due in July 2002 in exchange for his payment of interest. Thus, under the terms of the Forbearance Agreement, Zeevi agreed to pay 5% simple interest on the missed payment of $1.3 million dollars, i.e. $65,000.00, in four installments of $16,250.00 due on September 14, 2002, January 14, 2003, March 14, 2003 and June 14, 2003. Zeevi also agreed to pay the $1.3 million missed payment on or before July 14, 2003, together with the next installment payment of $1.3 million which would be due then by CPC under the Settlement Agreement. While Zeevi acknowledged the combination of the July 14, 2002 and July 14, 2003 payments, Coastal agreed to offset any monies paid by CPC before July 14, 2003 from the amount owed by Zeevi, with the exception of interest. The Forbearance Agreement expressly provided that all obligations under the Guaranty and the Settlement Agreement continued to remain in full force and effect, except as modified therein.

CIVIL 04-1300CCC                              3

Meanwhile, CPC's bankruptcy action continued, and on March 13, 2003 the Delaware Bankruptcy Court confirmed the Fourth Amended Plan of Reorganization of Caribbean Petroleum LP, Caribbean Oil LP, Caribbean Petroleum Refining LP, Gulf Petroleum (Puerto Rico) Corporation and Caribbean Petroleum Corporation Under Chapter 11 of the Bankruptcy Code (Plan). Under the terms of this Plan, Coastal's claim of $5.2 million was to be paid in full, and in cash, as follows: (1) on the initial distribution date, 20% of the claim, (2) on each of the next five (5) consecutive anniversaries of the initial distribution date, 15% of the claim, and (3) on the sixth anniversary of the initial distribution date, 5% of the claim. The Plan provided further that nothing contained in it was "intended to, nor shall effect any discharge, release or waiver of any obligations of Gad Zeevi to Coastal Fuels of Puerto Rico, Inc. under or in connection with, either the Guarantee of Settlement Agreement Obligations dated as of June 23, 2000 or the Forbearance Agreement dated September 24, 2002." Plan, at §4.18(d), p. 28. In accordance with the Plan, on the initial distribution date of May 23, 2003 CPC made payment of 20% of the claim, or $1,040,000.00. It also paid the first installment of 15%, or $780,000.00, which was due on May 23, 2004 as well as the second installment of $780,000.00 due on May 23, 2005.

Zeevi, in turn, made the first two installment payments of $16,250.00 corresponding to interest as required and within the deadlines imposed in the Forbearance Agreement. He missed the next two installments due on March and June 2003, although a sum which would serve to cover those two missed interest payments was deposited in Court on August 12, 2005 (see docket entry 29), after this action had been filed. Zeevi also failed to make the payment of $2.6 million which under the Forbearance Agreement was due on July 14, 2003.

Coastal's request for brevis disposition is mostly based on the interplay between the terms and obligations of the Settlement Agreement, Zeevi's Guarantee, and the Forbearance Agreement. In sum, Coastal avers that Zeevi failed to comply with those agreements, and that he now owes it the balance of the original debt of CPC which remains unsatisfied by it, i.e. $2.6

CIVIL 04-1300CCC                                4

million, plus interest.  In his cross-motion for summary judgment Zeevi contends, instead, that the action should be dismissed as premature, claiming that since the confirmation of the Plan by the Delaware Bankruptcy Court CPC has not been in default of its payment obligations to Coastal and, as a result, he is not in default under his Guarantee.

Summary judgment is proper when, drawing all reasonable inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  We must scrutinize the record in the light most favorable to the non-movant and draw all reasonable inferences therefrom to that party's behoof.  Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir.1999).  This standard is not affected by the presence of cross-motions for summary judgment.  See Blackie v. Maine, 75 F.3d 716, 721 (1st Cir.1996).

Having painstakingly reviewed all the relevant documents, we agree with Coastal's request for the entry of summary judgment in its favor.  This conclusion is but a logical consequence of the various agreements entered into by Coastal, CPC, and Zeevi.  Pursuant to the Forbearance Agreement Zeevi had to make four payments corresponding to interest and a principal payment, of which it is undisputed that he only made two timely installment payments corresponding to interest.  His non-compliance with that payment schedule, of course, placed him in default of the Forbearance Agreement.  Under the terms of said document, such default had declared consequences: Coastal would no longer forbear pursuing legal remedies or accelerating the maturity of the debt recognized by CPC in the Settlement Agreement and guaranteed by Zeevi through his Guaranty.  Thus, the unpaid settlement amount, or $5.6 million, became due and payable, with interest at an annual rate of 8.5%.  However, since CPC had already paid Coastal, as part of its compliance with the Plan, the sum of $2.6 million, only the balance of $2.6 million may be collected from Zeevi, plus the stipulated interest.

CIVIL 04-1300CCC                              5

Zeevi's contention that he is not in default as guarantor of CPC's obligations because at the time of the filing of the complaint and its subsequent amendments CPC had complied with the scheduled payments of the Plan confirmed by the Bankruptcy Court ignores the fact of his own non-compliance with the terms and conditions of the Forbearance Agreement. It is undisputed that he failed to timely make the interest payments corresponding to April 14, 2003 and July 14, 2003. These, in fact, were eventually deposited with the Court on August 12, 2005 (docket entry 29), after this litigation had commenced. It is also uncontested that the Plan specifically provided that nothing contained in it would discharge, release or waive any of Zeevi's obligations under his Guarantee or the Forbearance Agreement. Thus, the fact that CPC complied with the schedule of payments established for it in the Plan does not relieve Zeevi from complying with the schedule of payments established for him in the Forbearance Agreement, and of the consequences flowing from a default.

We need go no further. Defendant Zeevi having defaulted on the payment schedule of the Forbearance Agreement, said default having triggered that CPC's debt as recognized in the Settlement Agreement be accelerated, payment of said debt having been guaranteed by him, and the amount of said debt being today $2.6 million, plus 8.5% annual interest, Coastal's Motion for Summary (**docket entry 23**) is GRANTED and Zeevi's Cross-Motion for Summary Judgment (**docket entry 39**) is DENIED. Accordingly, judgment will be entered by separate Order granting the Second Amended Complaint (docket entry 27) and ordering that defendant Gad Zeevi pay plaintiff Coastal Fuels of Puerto Rico, Inc. the amount of $2.6 million plus interest at the annual rate of 8.5% from April 15, 2003.

SO ORDERED.

At San Juan, Puerto Rico, on February 7, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge